HAMRICK, APPELLANT, v.
GOODYEAR AEROSPACE
CORPORATION, APPELLEE.

(No. 12922—Decided
June 24, 1987.)

*Edward C. Maher,* for appellant.
*Charles E. Pierson,* for appellee.

MAHONEY, J. Plaintiff appeals the trial court's decision granting defendant's motion for summary judgment. We affirm.

Plaintiff, Glenda Joyce Hamrick, brought this action against her employer, Goodyear Aerospace Corporation, claiming an invasion of her right to privacy. On September 16, 1985, two Goodyear security personnel, working on information received from an anonymous telephone tip three days earlier, asked Hamrick if she had carried a firearm onto the premises and if they could search her purse and work area. Hamrick, believing the officers had authority to do so, permitted the search. The security personnel found no weapon. Hamrick complained to her union about the search and a grievance was filed pursuant to the Employer-Union Collective Bargaining Agreement ("agreement").

Hamrick requested a written apology in the company newspaper, the *Wingfoot Clan.* Goodyear apologized only in a letter to the union. The grievance procedure in the agreement allowed for arbitration should one or both of the parties not be satisfied by the outcome of the initial grievance meeting. Hamrick did not file a request for arbitration; instead, Hamrick filed this action in the trial court. Goodyear moved for summary judgment contending that Hamrick's state-law tort claim was preempted by federal labor law and any action thereunder would be barred by Hamrick's failure to exhaust all of her remedies available under the agreement.

The trial court agreed that the dispute was covered by the agreement. Because she did not avail herself of the procedure provided employees in a labor dispute, the court ruled that Hamrick waived the right to any subsequent determination of the issue in the courts. Hamrick appeals.

Assignments of Error

"I. Where an employer's uniformed police officers conduct an unlawful search of an employee's purse, it is error for the court of common pleas to rule that the employee's sole remedy is the filing of a grievance, where there is no contract provision

regarding search[es] of employees, and there is only a general 'management rights' provision in a labor contract with no company rule or notice to justify the search which was actually conducted. Such unlawful search is actionable in damages, is not remedied by an apology in a letter to the employee's union, and it is a denial of the constitutional right of access to the courts to rule that grievance and arbitration is [*sic*] the only remedy.

"II. A search of a female employee's purse and contents conducted by uniformed company police officers, without a warrant or other legal authority, constitutes a civil rights violation, an invasion of privacy and an unlawful intrusion conducted under color of law, and is therefore actionable in damages."

Resolution of this matter will require a two-step process. Initially, we must determine whether Hamrick's state tort claim (invasion of privacy) is preempted by federal labor law. See Section 301 of the Labor Management Relations Act ("LMRA"), Section 185(a), Title 29, U.S. Code. If the answer to this first question is in the affirmative, we must next decide if Hamrick has exhausted all available grievance procedures under the agreement.

It is clear that Goodyear had no right to conduct the search at issue but for the collective bargaining agreement between Goodyear and Hamrick's union. Thus, the success or failure of Hamrick's claim will necessarily rest upon the trier of fact's determination of the rights and obligations among the parties to the agreement. Therefore, because resolution of her state-law claim is substantially dependent upon analysis of the terms of the agreement, we hold that Hamrick's claim is preempted by federal labor law. *Allis-Chalmers Corp.* v. *Lueck* (1985), 471 U.S. 202, 220.

This is not to say that there are not exceptions to federal preemption. Of particular relevance to the case *sub judice* is the exception carved out by the Supreme Court in *Farmer* v. *United Bhd. of Carpenters & Joiners of America, Local 25* (1977), 430 U.S. 290. The exception established therein would provide for concurrent state court jurisdiction over a tort action where the tortfeasor's conduct, even if regulated by a collective bargaining agreement, was particularly abusive. See *Truex* v. *Garrett Freightlines, Inc.* (C.A. 9, 1985), 784 F. 2d 1347. Here, Goodyear's conduct was not sufficiently outrageous to satisfy this exception. Hamrick acquiesced in the search, which revealed no weapon, received an apology, and returned to work.

In light of preemption under the LMRA, it is well-settled that a bargaining unit employee may not bring an action pursuant to Section 185(a) without first exhausting all grievance procedures under the collective bargaining agreement. *Republic Steel Corp.* v. *Maddox* (1965), 379 U.S. 650, 652-653. As stated by the court in *Truex, supra,* 784 F. 2d at 1353:

"* * * This rule prevents employees from sidestepping available grievance procedures when a dispute involves an interpretation of the collective bargaining agreement, and insures that where the parties to a collective bargaining agreement have agreed that a neutral arbitrator will be responsible in the first instance for interpreting the collective bargaining agreement, the arbitration provisions do not lose their effectiveness." (Referencing *Allis-Chalmers, supra,* at 219-220.)

Because Hamrick had not exhausted the grievance procedures available to her, and does not contend that this is not so, the trial court was correct in granting Goodyear's summary judgment motion.

The assignments or error are overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., concurs.

CACIOPPO, J., dissents.

QUILLIN, P.J., concurring. I concur in the opinion with the added observation that the legal maxim "volenti non fit injuria" also applies. One is not legally injured if she consented to the act complained of or was willing that it should occur.

CACIOPPO, J., dissenting. The majority relies on the cases of *Farmer* v. *United Bhd. of Carpenters & Joiners of America, Local 25* (1977), 430 U.S. 290, and *Allis-Chalmers Corp.* v. *Lueck* (1985), 471 U.S. 202, in finding that Hamrick's state action for invasion of privacy is preempted by Section 301 of the Labor Management Relations Act. However, it does not apply the test enunciated in those cases for making such a determination. Specifically the majority has not determined:

1. Whether the conduct complained of was protected by the Act so that a state action could interfere with or regulate conduct that was intended to be protected by Congress;

2. Whether there was an overriding state interest in protecting its residents (from the conduct complained of); and

3. Whether the state cause of action might interfere with effective administration of national labor policy. *Falls Stamping & Welding Co.* v. *Internatl. Union, UAW* (C.A. 6, 1984), 744 F. 2d 521.

Applying the above test to the instant case would result in this court's refusal to apply the preemption doctrine. The United States Supreme Court has refused to apply the doctrine where, as here, the activity in question was merely a peripheral concern of the Labor Management Relations Act. *San Diego Bldg. Trades Council* v. *Garmon* (1959), 359 U.S. 236. Allowing the instant state action to proceed does not result in state regulation of federally protected conduct. Therefore, it is not preempted.

Finally, there was absolutely no indication in any of the summary judgment materials that Hamrick voluntarily "consented" to the search of her purse, wallet, make-up case or desk. The concurring opinion cites no company rule or regulation authorizing such searches. A search does not become consensual merely because the person being searched failed to actively resist, thereby avoiding a violent confrontation. Yet, as I read the concurring opinion, one waives his cause of action for battery or invasion of privacy if he fails to actively resist the search. Accordingly, I respectfully dissent.